**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CAUSE NO. 2:25-CV-487-PPS-JEM ) |
| EMMA JUHNKE, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This case concerns a dispute over life insurance proceeds between the Decedent's partner and his children. Interpleader Plaintiff Metropolitan Life Insurance Company ("MetLife") is in the center of the dispute holding the funds. MetLife ultimately wants out of this case, but as a first step it has filed a motion for interpleader [DE 35] asking the Court to simply allow them to deposit the insurance proceeds at issue into the Court's registry. Because I find all of the requirements of interpleader have been met, I will grant MetLife's motion to deposit the funds at issue.

### Background

Daniel Juhnke, the Decedent, worked for Advanced Micro Devices, Inc. ("AMD"). [DE 1 at ¶10.] There are several individuals with the last name "Juhnke" involved in this case, so for clarity sake I will refer to each by their first name. Daniel participated in an ERISA-governed employee benefit plan (the "Plan") sponsored by AMD that provided life insurance benefits. [*Id.*] The Plan was funded by a group policy of insurance issued by the plaintiff, MetLife, to AMD. [*Id.*] The Plan provided MetLife

authority to administer claims. [*Id.*] Daniel enrolled in two life insurance policies totaling $981,000.000. [*Id.* at ¶20.] Daniel died on May 9, 2024. [*Id.* at ¶19.]

According to MetLife, the most recent screenshot from Daniel's employer (AMD) reflects that Daniel's eight children are the primary beneficiaries with each receiving equal shares or 12.5% of the life insurance proceeds. Those eight children include four adult children — Emma, Claire, Amelia, and Asher— as well as four minor children (E.J., A.J., M.J., and D.J.). [*Id.* at ¶14.] The screenshot provided from AMD reflects an October 31, 2022, phone call in which the Decedent completed the aforementioned designation of beneficiaries. [*Id.*; DE 1-2.]

Daniel's surviving spouse, Dawn Rottstin, tells a different story. She claims that based on two later phone calls, Daniel intended to change the beneficiary designations from his eight children to her as the sole primary beneficiary. [DE 1 at ¶18.] According to the Interpleader Complaint, Daniel was unable to add his Rottstin as a beneficiary during those two calls and was waiting for additional assistance. [*Id.*] MetLife says it is unclear based on the transcripts of those calls whether Daniel intended to add Rottstin to the coverage for one of his other benefits or if he intended to add Rottstin as a beneficiary for his life insurance benefits. [*Id.*] According to the Complaint, Rottstin claims that Daniel's calls indicate that he intended to add Rottstin as the only primary beneficiary for the Plan benefits (thus displacing his eight children). [*Id.* at ¶21.]

**Discussion**

2

It is common for insurance companies, like MetLife in this case, to file an interpleader action for protection against problems posed by multiple claimants to a single fund. *See Commercial Union Ins. Co. of New York v. Adams*, 231 F.Supp. 860, 867 (S.D. Ind. 1964). Interpleader enables "a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party. This is done by forcing all the claimants to litigate their claims in a single action brought by the stakeholder." *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984).

Usually, an interpleader action proceeds in two stages. *Midland Nat'l Life Ins. Co. v. Agnew*, No. 2:10-cv-247-PPS-PRC, 2011 WL 2692961, at *2 (N.D. Ind. July 11, 2011). During the first stage, a court determines whether interpleader is appropriate by assessing whether the court has jurisdiction over the action and whether the stakeholder is actually threatened with multiple liability. *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). Then, the merits of the claims are resolved. *Id.* MetLife's present motion asks this Court to resolve only the first inquiry. MetLife notes that it intends to file a motion seeking dismissal from the case at a later date. At present, MetLife simply seeks permission to deposit the Plan funds with the Court. MetLife says it will not seek attorney fees if no defendant opposed its motion. The time to do so has passed, and no defendant has done so.

This equitable remedy of interpleader is codified in both statutory and rule form. *See* 28 U.S.C. § 1335; Fed. R. Civ. P. 22. The main distinction between these two are the

jurisdictional prerequisites. Unlike Section 1335 interpleader ("statutory interpleader"), Rule 22 interpleader ("rule interpleader") provides "only a procedural framework and does not itself confer subject matter jurisdiction." *Thrivent Fin. for Lutherans v. DeWilde*, No. 20-cv-00956-DWD, 2021 WL 7907674, at *1 (S.D. Ill. June 2, 2021). Thus, Rule 22 interpleader is maintained only if there is a federal question raised by the pleadings or complete diversity of citizenship. *Id.*; *see also Arnold v. KJD Estate, LLC*, 752 F.3d 700, 704 (7th Cir. 2014) (noting that interpleader actions under Rule 22 must be based upon the general jurisdiction statutes applicable to civil actions in the federal courts).

Here, MetLife seeks interpleader through operation of Rule 22. [DE 1 at ¶8.] MetLife invokes federal question jurisdiction, stating that this action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* [*Id.*] Specifically, MetLife invokes 29 U.S.C. § 1132, which authorizes a civil action brought "by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief . . . to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Parties do not dispute that MetLife, which administers claims for the Plan, is a fiduciary. Nor do the Parties contest the remaining elements of an ERISA claim under Section 1132. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033-34 (9th Cir. 2000) (analyzing the elements of Section 1132 in the context of evaluating Rule 22 interpleader jurisdiction). Jurisdiction is therefore proper under 28 U.S.C. § 1331.

4

This brings me to the next step, considering whether MetLife is entitled to interpleader relief. "Interpleader is justified only when the stakeholder has a real and reasonable fear of double liability or conflicting claims." *Mahl*, 550 F.3d at 663. Importantly, at this stage, "a court isn't required to assess the merits of the competing claims in determining whether interpleader is appropriate because the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim." *Aaron v. Merrill Lynch Pierce, Fenner & Smith*, 502 F.Supp.2d 804, 809 (7th Cir. 2007) (internal quotation marks and citation omitted); *USAA Life Ins. Co. v. Cyranek*, No. 4:19-cv-00279-SEB-DML, 2020 WL 3445757, at *3 (S.D. Ind. June 23, 2020) (citation omitted).

In this case, the Interpleader Defendants have asserted adverse claims to the Plan proceeds held by MetLife. In particular, Rottstin claims that Daniel intended to designate her as the sole beneficiary of the Plan's proceeds. By contrast, Daniel's eight children believe the beneficiary forms speak for themself and the proceeds should be equally split eight ways, 12.5% each, in accordance with the October 31, 2022, Plan beneficiary list. The facts presently before the Court are sufficient to establish a real and reasonable fear on the part of MetLife of conflicting claims, regardless of whether MetLife may believe one claim is more legitimate than the other. In sum, MetLife has met the requirements of interpleader. As such, interpleader is appropriate.

At this time, the Court makes no comment on Rottstin's counterclaims for payment of benefits and declaratory judgment against MetLife because MetLife has not

yet sought dismissal from this case. The Court notes, however, that "where a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty." *Prudential Ins. Co. v. Hovis*, 553 F.3d 258, 265 (3d Cir. 2009). Resolution of the question of MetLife's dismissal and of Rottstin's counterclaims against MetLife are left for a later date when they are properly before the Court. MetLife represents that it will forgo seeking attorney fees and costs if Rottstin releases any claims she has against MetLife as part of her counterclaims. As with dismissal, the question of attorney fees is accordingly also not presently before the Court and will wait for a later day.

### Conclusion

For the aforementioned reasons, the Court GRANTS Metropolitan Life Insurance Company's Motion for Interpleader [DE 35].

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED** that:

Metropolitan Life Insurance Company is hereby granted leave to deposit with the Clerk of this Court the admitted, full, and total liability under the Plan in the amount of $981,000.00, including any applicable interest due and owing under the terms of the Plan. That sum will be held by the Clerk subject to further order of this Court.

**SO ORDERED**.

ENTERED: March 30, 2026

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT